IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DONNA MONTGOMERY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 17 C 7983 |
| FIRST UNITED CHURCH OF OAK PARK, | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Donna Montgomery has sued her former employer, First United Church of Oak Park, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Family Medical Leave Act. First United Church has answered counts 2 and 3 of Montgomery's complaint and has moved to dismiss counts 1 and 4 under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In deciding the motion, the Court reads the complaint liberally and takes Montgomery's factual allegations as true.

Montgomery, who worked for First United a church administrative starting in 2015, alleges that starting in February 2017, she was subjected to a pattern of racial discrimination and harassment, including harassment by co-workers and denial of pay increases. She complained to her supervisor about the harassment by co-workers, but no action was taken, and in August 2018, she filed a charge with the EEOC. Shortly after this, she requested leave under the FMLA to care for her son, who was ill, and was told she was covered by the FMLA and was approved to take leave. The day she returned, she was terminated. She then filed another EEOC charge. In her complaint, she alleges that her termination was discriminatory and retaliatory.

Count 1 is entitled "42 U.S.C. § 1981 – Race Discrimination," but the text of the allegations also refers to Title VII. First United, reading count 1 as exclusively a claim under Title VII, contends that Montgomery did not exhaust administrative remedies for the part of count 1 that asserts a claim of race discrimination arising from her

termination. The EEOC charge that Montgomery filed after her termination has the box checked for retaliation but not the box for race discrimination, and the brief narrative version of the charge references only retaliation, not race discrimination. The Court first observes that count 1 quite plainly states a claim under 42 U.S.C. § 1981 for race discrimination in connection with the termination, and claims under section 1981 do not require administrative exhaustion.

With regard to Montgomery's Title VII race discrimination claim regarding her termination, the question, as First United agrees, is whether this claim is "reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999). The Court notes that Montgomery's first EEOC charge alleged harassment based on race (as well as retaliation). In considering this issue on a Rule 12(b)(6) motion, the Court cannot say that it is implausible that an investigation of a termination alleged be retaliatory for an earlier EEOC charge of race discrimination could be expected to develop into an investigation of race-based termination as well. For these reasons, the Court declines to dismiss Count 1.

Count 4 is a claim under the FMLA; Montgomery alleges that First United interfered with her FMLA rights by terminating her. First United says that the FMLA does not apply because it has too few employees to meet the FMLA's coverage threshold. *See* 29 U.S.C. § 2611(4)(A). It supports this with an affidavit, which the Court cannot appropriately consider on a Rule 12(b)(6) motion without converting it to a summary judgment motion, after giving notice of its intent to do so. The Court is not inclined to do that here, particularly because Montgomery argues in her response to the motion to dismiss that First United is equitably estopped form asserting FMLA non-coverage based on how it held itself out and its representations to her. In its reply, First United says that this is not an appropriate case for application of equitable estoppel, but it acknowledges that courts have applied that doctrine to defeat a defense of non-coverage. The Court concludes that the application of this defense involves factual questions that cannot appropriately be adjudicated on a motion to dismiss and therefore denies the request to dismiss count 4, without prejudice to making the point on a motion for summary judgment.

2

### Conclusion

For the foregoing reasons, the Court denies First United's motion to dismiss and directs First United to answer counts 1 and 4 by no later than April 18, 2018.

Date: April 3, 2018

_____
MATTHEW F. KENNELLY
United States District Judge